REQUESTED BY: Dear Senator:
You have requested our opinion on the constitutionality of a portion of section 9 of LB 518, Eighty-fifth Legislature, First Session, presently on final reading, specifically subsection (r). Section 9 of LB 518 amends section77-2704, R.S.Supp., 1976, by adding a section exempting certain property. Subsection (r) of LB 518 provides:
 "All items of tangible personal property purchased from institutionally-operated stores, canteens, and hobby shops by inmates, residents, or clients of such state institutions. Such exemption shall not apply to the employees of state institutions."
The Constitution of Nebraska in Article VIII, section 1
provides in part:
 "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct. . . ."
We believe that this section is broad enough to allow those exemptions contained presently in section 77-2704 and additionally would not preclude the proposed amendment contained in LB 518 above cited.
We do however wish to make note of the fact that LB 518 is a bill that primarily relates to property taxation and the refunding of property tax lost through legislative enactments to subdivisions of government. As such, it is necessary to consider the effect of Article III, section 14
of the Constitution of the State of Nebraska which provides in part:
 ". . . No bill shall contain more than one subject, and the same shall be clearly expressed in the title. . . ."
However, even though this provision must be considered in your determination on this act we would bring to your attention the case of Anderson v. Tiemann, 182 Neb. 393,155 N.W.2d 322. A case in which the Supreme Court considered the Nebraska Sales and Income Tax Act of 1967 and found that that act did not violate this provision of the Constitution. The attack in that case was that the enacting bill contained provisions for sales tax, use tax, income tax and a franchise tax. The court there held that the bill contained but one general subject and that was taxation. It did therefore not violate the Constitutional provision. While a slightly different question is presented here in that we have a bill which deals with the reimbursement of taxes lost by local subdivisions due to property tax exemptions, it does in our opinion fall within the terms of Anderson v. Tiemann,supra, and therefore is not violative of the constitutional provision restricting bills to one subject.